23202

Ernest WROTEN, Petitioner v. STATE of South Carolina, Respondent.

(391 S.E. (2d) 575)

Supreme Court

*Robert M. Dudek* and *Daniel T. Stacey,* both of *S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted March 20, 1990.

Decided April 30, 1990.

GREGORY, Chief Justice:

This case is before us on a writ of certiorari to review the

denial of post-conviction relief (PCR). We reverse and remand.

Petitioner pleaded guilty to distributing crack cocaine and was sentenced to fifteen years imprisonment. No direct appeal was taken. Petitioner filed a PCR application alleging his guilty plea was invalid because he had not knowingly and intelligently waived his right to counsel. After a hearing, petitioner's application was denied.

On appeal, petitioner contends the PCR judge erred in finding a valid waiver of counsel because the trial judge did not warn petitioner of the dangers of self-representation as mandated by *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975). *See also State v. Bateman,* 296 S.C. 367, S.E. (2d) 470 (1988).

■ *Faretta* requires that a defendant "be made aware of the dangers and disadvantages of self-representation so that the record will establish he knows what he is doing and his choice is made with eyes open." 422 U.S. at 835, 95 S. Ct. at 2541, 45 L. Ed. (2d) at 582. While a specific inquiry by the trial judge expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the trial judge's advice but rather the defendant's understanding. *Fitzpatrick v. Wainwright,* 800 F. (2d) 1057 (11th Cir. 1986). If the record demonstrates the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied. *Id.* at 1065; *see also United States v. Gallop,* 838 F. (2d) 105 (4th Cir. 1988).

This analysis accords with our review in PCR matters to determine the adequacy of a guilty plea. The extent of inquiries made by the trial judge at the time of the plea is not conclusive. *Harres v. Leeke,* 282 S.C. 131, 318 S.E. (2d) 360 (1984). To determine whether a guilty plea was taken in accordance with constitutional standards, the Court will consider the entire record including facts presented at the PCR hearing. *Id.; Vickery v. State,* 258 S.C. 33, 186 S.E. (2d) 827 (1972). We apply this same analysis to determine the validity of an alleged *Faretta* violation.

■ In this case, the trial judge made no specific inquiry to determine whether petitioner made his choice to proceed *pro se* "with eyes open." We therefore look to

the record to determine whether other facts show petitioner had sufficient background or was apprised of his rights by some other source. *See United States v. Gallop,* 838 F. (2d) at 110. Petitioner was forty-five years old at the time of his plea and had a fifth-grade education. He testified at the PCR hearing that after the judge presiding at his bond hearing told him he was entitled to an appointed attorney if he was unable to afford one, he took it upon himself to speak with an attorney at the Public Defender's Office. Petitioner stated the attorney never contacted him after that. He stated he saw the attorney in the courtroom earlier on the day of his plea hearing but the attorney did not have time to speak with him. When the trial judge asked him if he wanted an attorney, petitioner testified he "didn't know what to do." The extent of petitioner's previous dealings with the court is that he pleaded guilty to one other charge in 1979 "because it was [for] something I had done."

We find the record before us does not demonstrate petitioner was sufficiently aware of the dangers of self-representation to make an informed decision to proceed without counsel and hold the PCR judge erred in finding a knowing and intelligent waiver of counsel. Accordingly, the judgment of the PCR judge is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.