23722

Gary GRAVES, Petitioner v. STATE of South Carolina, Respondent.

(422 S.E. (2d) 125)

Supreme Court

*H. Wayne Floyd,* West Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted May 19, 1992.

Decided Oct. 5, 1992.

Reh. Den. Nov. 5, 1992.

MOORE, Justice:

We granted petitioner Gary Graves' petition for writ of certiorari following the denial of his application for postconviction relief (PCR). Petitioner alleges he did not make a knowing and intelligent waiver of his right to counsel and his right to an impartial jury was violated by the trial judge's hostility

towards petitioner and comments on the credibility of a defense witness. We affirm.

## FACTS

On June 22, 1987, petitioner was convicted of possession of cocaine with intent to distribute and conspiracy and sentenced to imprisonment for fifteen years and seven and one-half years, respectively, to run consecutively. The petitioner appeared *pro se* at trial. Petitioner's direct appeal was affirmed under Rule 23, SCRAP. In petitioner's application for PCR, he alleges he did not knowingly and intelligently waive his sixth amendment right to counsel. Petitioner also alleged that he was denied an impartial jury because of the trial judge's hostility towards him throughout the trial and the trial judge's comments about the credibility of a defense witness. The PCR judge found petitioner had knowingly and intelligently waived his right to counsel and the trial judge's comments about petitioner and the witness were not prejudicial.

## ISSUES

(1) Did petitioner knowingly and intelligently waive his right to counsel?

(2) Did the trial judge's alleged hostility to petitioner prejudice petitioner's right to an impartial jury?

(3) Did the trial judge's comments on credibility to a witness violate petitioner's right to an impartial jury?

## DISCUSSION

(1) *Waiver of Counsel*

At the beginning of the trial, petitioner was represented by retained counsel. Petitioner, however, made a motion to be allowed to act as co-counsel. Petitioner's trial counsel informed the trial judge that petitioner was a paralegal. The trial judge granted the motion but warned petitioner that he would not allow both petitioner and his counsel to question each witness. After the State's first witness was cross-examined by petitioner's counsel, petitioner attempted to question the witness. The trial judge again warned petitioner that he would not allow a witness to be cross-exam-

ined by both petitioner and his counsel. Petitioner then made a motion to proceed *pro se.* The trial judge granted petitioner's motion but required his trial counsel to remain in court and advise petitioner.

Petitioner contends that the trial judge should have questioned him to ascertain if he knew of the dangers of selfrepresentation. The ultimate test, however, is not the trial judge's advice, but rather the petitioner's understanding. *Wroten v. State,* 301 S.C. 293, 391 S.E. (2d) 575 (1990). We will look to the entire record from both the trial and the PCR hearing to determine whether other facts show petitioner had sufficient background or was apprised of his rights by some other source. *Id.* 391 S.E. (2d) at 576.

Petitioner testified at the PCR hearing that prior to his trial he had completed three years at the John J.R. Law School of Criminal Justice. In addition, petitioner had an extensive criminal background and had worked at a law library. At the PCR hearing, petitioner testified that he was not a paralegal, but at trial he failed to correct the trial judge or his trial counsel when he was referred to as one.

Furthermore, petitioner's trial counsel testified at the PCR hearing that he discussed with petitioner some of the risks of proceeding *pro se.*

The PCR judge found that petitioner had knowingly and intelligently waived his right to counsel. We find the evidence set forth above sufficiently supports the PCR judge's finding on this issue. *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989) (any evidence of probative value is sufficient to uphold the PCR judge's findings).

(2) *Trial Judge's Conduct towards Petitioner*

Petitioner alleges he was denied an impartial jury and his due process rights were violated because the trial judge expressed hostility towards him. The PCR judge found this allegation was without merit.

Petitioner points to several comments by the trial judge throughout the trial which he alleges demonstrates the judge's hostility towards petitioner. All of these examples, however, were made outside of the jury's presence. Petitioner also states that the trial judge ordered an officer to stand behind petitioner and keep him seated. Again, this was during a

suppression hearing and outside the jury's presence. In addition, the trial judge instructed the officer: "When I rule and he gets up and argues, you are to put him down in his seat. Now when the jury comes back out here, I do not want that to occur." It is not clear if the trial judge was referring to the officer's conduct or if he was warning petitioner not to argue in front of the jury. In any event, these events and comments could not have influenced the jury because the jury was not present. The record supports the PCR judge's findings that the trial judge's conduct towards petitioner was not prejudicial. *Cherry v. State, supra.*

(3) *Trial Judge's Comments to Witness*

Petitioner also alleges that the trial judge's comments ■ on credibility about a defense witness denied him an impartial jury and violated his due process rights. Again, the PCR judge found this issue to be without merit. At the PCR hearing, petitioner alleged that the trial judge's threats of perjury to a witness prejudiced him. Petitioner argues that the trial judge's comments amounted to comments on the credibility of a witness. During cross-examination, the trial judge reminded the witness: "You are under oath subject to perjury. I need to warn you, so you must answer the questions truthfully." Further, he stated: "The jury can hear. They can find out whether or not you are straightforward or not. Those are matters for the jury."

Petitioner argues that this Court should adopt the holding of the North Carolina case of *State v. Rhodes*, 290 N.C. 16, 224 S.E. (2d) 631(1976), where the court held that any intimation by the judge in the jury's presence that a witness had committed perjury would be reversible error. *Rhodes*, however, is distinguishable from the present case. In *Rhodes*, the trial judge made a long statement regarding the witness' testimony and he clearly thought she had committed perjury. In *Rhodes*, the North Carolina Supreme Court stated that a judge may caution a witness regarding perjury outside of the jury's presence. However, the court cautioned that any intimation that a witness had committed perjury in the jury's presence is reversible error.

In *Rhodes*, the court set forth several reasons for its holding. The court saw several dangers including the fact that a

judge is unlikely to warn a witness about perjury unless he has determined that the witness has committed perjury which is a fact solely for the jury's determination. Secondly, a witness may change his testimony after being threatened with perjury charges. Third, a warning may discourage questioning the witness further.

As to whether the comments could be construed as a factual determination by the judge, the trial judge stated whether the witness committed perjury was for the jury to determine. From a review of the testimony of the witness, the trial judge's comments did not cause her to change her testimony or discourage further questions.

While these reasons set forth in *Rhodes* are valid, we decline to apply the holding to the present case. Although the trial judge should have refrained from cautioning the witness regarding perjury in the presence of the jury, under the circumstances of this case, we do not think it is reversible error. We find the trial judge's comments do not amount to prejudice which denied petitioner an impartial jury or violated his due process rights.

Petitioner also alleges the trial judge prejudiced him when responding to a defense objection.

> COURT:
> He's laying a foundation I assume. You've got to lay a foundation before you bring somebody in to show that she is lying. That's what his intent is.
> Is that your intent?
>
> GRAVES:
> She says she doesn't recall, Your Honor. Is he going to make her answer? She says she does not recall.
>
> COURT:
> No, but you've got to give her notice.
> He's got to go through—
> Mr. Williams [counsel] will explain it to you.

The trial judge was explaining the legal basis of the solicitor's actions to petitioner, a *pro se* defendant. Although the better course of action would have been to first allow the solicitor to explain his line of questioning, we find that in this context the trial judge's comments do not amount to a viola-

tion of petitioner's rights. The record supports the PCR judge's findings that these allegations are without merit. *Cherry v. State, supra.*

Accordingly, the order of the PCR judge is

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.