SCREENING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
John D. Griffith, Appellant.
 
 
 

Appeal From Pickens County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-099
Submitted January 1, 2006  Filed February 17, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:  On July 12, 2002, John D. Griffith pled guilty to one count of criminal domestic violence of a high and aggravated nature (CDVHAN) and two counts of criminal domestic violence (CDV) third offense.  He was sentenced to seven years, suspended upon the service of three years with three years of probation for the CDVHAN, and concurrent terms of eighteen months on each of the CDV third offense charges.  Following a probation revocation hearing, the court revoked Griffiths probation and reinstated the balance of his suspended sentence.  This appeal follows.
FACTUAL/PROCEDURAL BACKGROUND
On April 2, 2004, a probation arrest warrant was issued charging Griffith with violating the terms of his probation.  Specifically, the warrant affidavit alleged there was probable cause to believe Griffith committed the offense of CDV on April 2, 2004.  It further alleged Griffith had failed to pay supervision fees and court costs as instructed, and that he failed to follow the advice and instructions of his supervising agent.  
A probation revocation hearing was held on April 22, 2004, at which time Griffith appeared without counsel.  The probation revocation court noted the State was recommending revocation of his probation and that Griffith had four years remaining on his original sentence.  Because Griffith was exposed to being returned to prison, the court asked Griffith why he did not have an attorney.  Griffith stated that he did not have the funds to secure counsel, but had inquired at the public defenders office and was told he did not qualify for a public defender based on the wages he had been earning.  Griffith stated he was willing to waive his right to counsel.  The court then stated:

Do you understand that a lawyer would represent you better than you would represent yourself, sir, because a lawyer, he or she, would know whatever defenses you may have in fact or in law to these charges.  And also because a lawyer would probably have a working relationship with probation or with the Court that may be able to work a better arrangement for you than you could work yourself.  And then finally, because a lawyer would know of any defenses you have, any legal defenses, a lawyer would be able to assert those for you and you might not even be aware of them.  Are you aware of all those things, sir?

Griffith indicated he was aware of that, but still wished to go forward without an attorney.  The court found Griffith was aware of his right to and the benefits of counsel and determined he had made a knowing waiver of counsel.  
Along with a CDV charge, Griffith was charged with three counts of assault with a deadly weapon, all stemming from an April 2, 2004 incident after Griffith followed his wife, their two children and a neighbor in the neighbors car and allegedly swerved his car toward the vehicle in which they were riding.  Griffith claimed he did not swerve his car into the other car, but was merely attempting to wave to his children in the car when his car veered over a little toward the other car.  He maintained it was simply an accident, and he did not try to run the other car off the road.  He further denied being in arrears on the fees and costs.  Griffith presented his wife on his behalf, who testified Griffith was not trying to run her off the road that day, but was only waving at the children.  She claimed she had not hesitated to press charges against him in the past and would have done so again had he attempted to hurt her.  
The probation agent countered that the reporting officer indicated the wife refused to sign a statement because she was scared to, and stated she had enough problems with the suspect and did not want her name on anything.  The State maintained the wifes testimony was given out of fear, and that the amount of violence involved in the initial charge supported this position and showed the wife was covering for Mr. Griffith.  The agent further noted the complainant in this charge was actually a third individual who was in another car and witnessed the incident, believing it to be a deliberate act which warranted her calling the police.  
The court found Griffith was in violation of the terms of his probation and revoked his probation, requiring him to serve his remaining four years.  
LAW/ANALYSIS
On appeal, Griffith asserts the court erred in finding he waived his right to counsel because the court failed to warn him of the dangers of self-representation.  He thus contends the court did not comply with the mandates of Huckaby v. State, 305 S.C. 331, 408 S.E.2d 242 (1991) and Faretta v. California, 422 U.S. 806 (1975).   
We first note the State argues this issue is not preserved for our review because Griffith failed to raise the issue below and the court did not rule upon it.  We disagree.  Our supreme court has held [a] notable exception to [the] general rule requiring a contemporaneous objection is found when the record does not reveal a knowing and intelligent waiver of the right to counsel.  The pro se defendant cannot be expected to raise this issue without the aid of counsel.  State v. Rocheville, 310 S.C. 20, 25 n.4, 425 S.E.2d 32, 35 n.4 (1993) (citation omitted).  Accordingly, we find the issue is properly before us on appeal.
We find, however, no merit to Griffiths assertion that the court erred in finding a valid waiver of his right to counsel.  The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment.  Faretta, 422 U.S. at 807.  The right to counsel attaches in probation revocation hearings and the requirements for waiving the right to counsel in a probation revocation hearing are the same requirements as apply when a defendant desires to waive his right to counsel in a trial.  Salley v. State, 306 S.C. 213, 215, 410 S.E.2d 921, 922 (1991).  
Faretta requires that a defendant be made aware of the dangers and disadvantages of self-representation so that the record will establish he knows what he is doing and his choice is made with eyes open.  Wroten v. State, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) (quoting Faretta, 422 U.S. at 835).  As part of the Sixth Amendment right to counsel, and the requirement that an accused be apprised of that right, the record must demonstrate that the probation revocation judge conducted a hearing to determine whether a request to proceed pro se was accompanied by a knowing and intelligent waiver.  Huckaby, 305 S.C. at 335, 408 S.E.2d at 244.  The record must reflect that the defendants decision to represent himself was made with an understanding of the risks of self-representation, and that the defendant was made aware of the dangers and disadvantages of self-representation.  Id. While a specific inquiry by the trial judge expressly addressing the disadvantages of a pro se defense is preferred, the ultimate test is not the trial judges advice but rather the defendants understanding. Wroten v. State, 301 S.C. at 294, 391 S.E.2d at 576.  If the record demonstrates the defendants decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied.  Id.  (citations omitted).  In the absence of a specific inquiry by the probation revocation judge to determine whether the defendant has made his decision to proceed pro se with eyes open, the appellate court will look to the record to discern whether there are facts to show the defendant had sufficient background or was apprised of his rights by some other source so as to constitute a knowing and intelligent waiver of the right to counsel.  Salley, 306 S.C. at 215, 410 S.E.2d at 922.
Here, the court informed Griffith that a lawyer would represent [him] better than he could represent himself, that a lawyer would know what defenses he may have in fact or in law to the charges, a lawyer would have a relationship with the court and probation that could result in a better arrangement than Griffith may be able to attain on his own, a lawyer would be better able to assert any legal defenses Griffith might have, and that Griffith might not even be aware of available defenses.  Although the court did not use the words dangers or disadvantages in informing Griffith of his rights, it is clear the court explained to Griffith that he would lose the specific benefits of counsel if he proceeded pro se.  Implicit in this explanation was that Griffith would be disadvantaged by not having an attorney represent him in the matter.
This is not like Huckaby, wherein the probation revocation judge asked two questions, merely apprising Huckaby of his right to counsel and asking if he wished to waive the right.  Huckaby, 305 S.C. at 336, 408 S.E.2d at 245.  Further, unlike the situation in Huckaby, the record in the case at hand does not reflect that Griffith was under the impression the revocation hearing was a mere informal procedure conducted as a formality to have probation continued.  Id.  Here, the trial judge specifically asked Griffith why he did not have counsel representing him on the matter in light of the fact that the State was recommending revocation of his probation and that Griffith had four years remaining on his original sentence and thus was exposed to prison time.
The record before us reflects that Griffiths decision to represent himself was made with an understanding of the risks of self-representation, and that he was made aware of the dangers and disadvantages of self-representation.  Accordingly, the requirements of a voluntary waiver have been satisfied and we find Griffiths waiver of counsel to be valid.
For the foregoing reasons, Griffiths revocation of probation is
AFFIRMED. 1
HEARN, C.J., and HUFF and BEATTY, JJ., concur.

1 We decide this case without oral argument pursuant to Rule 215, SCACR.