THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Harold David
 Rutledge, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge
Unpublished Opinion 
No. 2008-UP-010
Submitted January 1, 2008  Filed January
 9, 2008
REVERSED and REMANDED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Appellant.
 Assistant Chief Legal Counsel John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM: 
 This is an appeal from a probation revocation.  We reverse and remand for a new probation revocation hearing. [1]
Harold Rutledge
 contends the hearing court erred in finding that he waived his right to
 counsel.  Rutledge properly raises this issue for the first time on appeal.  See State v. Rocheville, 310 S.C. 20, 25 n.4, 425 S.E.2d 32, 35 n.4 (1993)
 (stating an exception to the contemporaneous objection rule exists when the
 record lacks evidence of a knowing and intelligent waiver of the right to
 counsel because a pro se defendant should not be expected to
 raise the issue without assistance of counsel); State v. White, 305 S.C.
 455, 456, 409 S.E.2d 397, 397 (1991) (holding because the defendant appeared pro se at his sentencing hearing, the first time the defendant could raise
 the issue of lack of knowing and intelligent waiver of right to counsel was on
 appeal).
The
 record before us falls far short of establishing that Rutledge waived his right
 to counsel knowingly and intelligently and with the required warning regarding
 dangers of self-representation.  See Huckaby v. State, 305 S.C.
 331, 335, 408 S.E.2d 242, 244 (1991) (stating a defendant in a probation
 revocation hearing must be advised of his right to counsel, the hearing court
 must determine if a defendants request to proceed pro se constituted a knowing and intelligent waiver, and the hearing court must make
 defendant aware of the dangers of self-representation).  Further, the State
 concedes Rutledge was not warned against the dangers of self-representation and
 Rutledge did not affirmatively waive his right to counsel.
We
 reverse the circuit courts determination that Rutledge waived his right to
 counsel and remand the case for a new probation revocation hearing.
REVERSED
 AND REMANDED.
HEARN, C.J., and KITTREDGE and THOMAS, JJ., concur.

[1]  We decide this case without oral
 argument pursuant to Rule 215, SCACR.