**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Johnnie Gaskins, Appellant.

Appellate Case No. 2010-151386

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2013-UP-304
Heard January 8, 2013 – Filed July 3, 2013

**AFFIRMED**

Tara Dawn Shurling, of Law Offices of Tara Dawn Shurling, PA, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

**PER CURIAM:** Appellant, Johnnie Walker Gaskins, was tried for and convicted of two counts of murder, three counts of assault and battery with intent to kill (ABWIK), and one count of use of a firearm during the commission of a violent

crime in connection with a shooting spree at 360 Sports Bar & Grill. Gaskins appeals, asserting (1) the trial court erred in admitting crime scene photographs of blood splatter and pooling, which were duplicative and admitted for the purpose of inflaming the passions of the jury, (2) the trial court erred in denying Gaskins' motion for a mistrial based upon the admission of improper and highly prejudicial hearsay testimony in the form of a dying declaration and a statement from an anonymous telephone caller, and (3) Gaskins' right to due process was violated by the trial court's improper and heated response to defense counsel's objection. We affirm.

1.      Gaskins first argues the trial court erred in admitting cumulative and gruesome crime scene photographs of blood splatters and blood pooling that were submitted solely for the purpose of inflaming the passions of the jury and were of negligible probative value. He contends, while some testimony regarding the location of victims or the extent of bloodshed may have been relevant in this case, the extent to which the photographic evidence was presented by the State was both cumulative and prejudicial to him.

A trial court has considerable latitude in ruling on the admissibility of evidence, and its ruling will not be disturbed on appeal absent a showing of probable prejudice. *State v. Kelley*, 319 S.C. 173, 177, 460 S.E.2d 368, 370 (1995). The relevance, materiality and admissibility of photographic evidence are matters within the sound discretion of the trial judge. *Id*. "A test to determine whether the trial court abused its discretion is whether the photographic evidence serves to corroborate the testimony of witnesses offered at trial." *State v. Jarrell*, 350 S.C. 90, 106, 564 S.E.2d 362, 371 (Ct. App. 2002). It is not an abuse of discretion to admit photographs which serve to corroborate testimony. *State v. Tucker*, 324 S.C. 155, 167, 478 S.E.2d 260, 266 (1996). However, "[p]hotographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions." *State v. Brazell*, 325 S.C. 65, 78, 480 S.E.2d 64, 72 (1997). "To constitute unfair prejudice, the photographs must create a 'tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Kelley*, 319 S.C. at 178, 460 S.E.2d at 370-71 (quoting *State v. Alexander*, 303 S.C. 377, 382, 401 S.E.2d 146, 149 (1991)).

Here, the photographic evidence was probative inasmuch as it aided the jury by showing the actions of one of the victims during the shooting, as was corroborated by the expert through the photos. Additionally, a review of these photos reveals nothing more than a generic crime scene of blood, with no bodies present. We are

not convinced that, even if wrongly admitted, there was an undue tendency of the photographs to suggest a decision on an improper basis. Further, given the overwhelming evidence of Gaskins' guilt, we do not believe the photographs were of such a nature as to influence the jury's verdict. *See State v. Green*, 397 S.C. 268, 287, 724 S.E.2d 664, 673 (2012) ("Prejudice occurs when there is reasonable probability the wrongly admitted evidence influenced the jury's verdict."); *State v. Byers,* 392 S.C. 438, 447-48, 710 S.E.2d 55, 60 (2011) (quoting *State v. Reeves*, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990) (alteration in original)) ("A harmless error analysis is contextual and specific to the circumstances of the case: 'No definite rule of law governs [a finding of harmless error]; rather the materiality and prejudicial character of the error must be determined from its relationship to the entire case. Error is harmless when it could not reasonably have affected the result of the trial.'"); *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Baccus*, 367 S.C. 41, 55, 625 S.E.2d 216, 223 (2006) ("When guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached, [the appellate court] will not set aside a conviction for insubstantial errors not affecting the result.").

2.      Gaskins next contends the trial court erred in denying his motion for a mistrial following the admission of improper hearsay testimony from witness Porterfield concerning an alleged dying declaration that had not been previously disclosed to the defense, as well as testimony from Porterfield regarding an alleged statement made by an anonymous caller on Gaskins' mobile phone. Even if we were to assume the admission of this testimony by Porterfield was improper, we find no reversible error in the trial court's denial of Gaskins' motion for a mistrial based on the alleged improper testimony.

The decision to grant or deny a motion for a mistrial is a matter within the sound discretion of the trial judge, whose decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law. *State v. Council*, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999). "The grant of a motion for a mistrial is an extreme measure which should be taken only where an incident is so grievous that the prejudicial effect can be removed in no other way." *State v. Herring*, 387 S.C. 201, 216, 692 S.E.2d 490, 498 (2009). A mistrial should be granted only when absolutely necessary, and a defendant must show both error and resulting prejudice to be entitled to a mistrial. *State v. Harris*, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000).

We find the trial court's explicit instruction cured any possible error and that the prejudicial effect was minimal, such that a mistrial would not have been warranted. *See Herring*, 387 S.C. at 216, 692 S.E.2d at 498 (noting a curative instruction to disregard the testimony is usually deemed to cure any alleged error); *State v. Moyd*, 321 S.C. 256, 263, 468 S.E.2d 7, 11 (Ct. App. 1996) (holding a trial court should exhaust other available methods to cure prejudice before aborting a trial, and where the prejudicial effect is minimal, a mistrial need not be granted in every case where incompetent evidence is received and later stricken and a curative instruction is given). Additionally, given the overwhelming evidence of Gaskins' guilt, we believe the testimony complained of by Gaskins could not reasonably have affected the result of the trial. *Baccus*, 367 S.C. at 55, 625 S.E.2d at 223 ("When guilt is conclusively proven by competent evidence, such that no other rational conclusion could be reached, [the appellate court] will not set aside a conviction for insubstantial errors not affecting the result.").

3.      Gaskins lastly contends the trial judge erred in yelling at defense counsel and abruptly halting the proceedings after a series of defense objections, thereby violating the Appellant's right to due process of law. He contends a trial judge must be patient, dignified and courteous to lawyers, and must act with absolute impartiality in the performance of judicial duties. Gaskins argues his failure to object to the situation at the time should be excused, as the tone and tenor of the trial judge's comments made it clear any objection would be futile, especially where the judge's improper remark was an angry response to defense counsel's continuing objections. Gaskins maintains, though the judge's words were brief, the delivery of the remarks was harsh enough to have scared one of the jurors, and the judge himself felt the remarks were prejudicial enough to warrant him entering the jury room to make comments and then issue a formal instruction to the jurors in the courtroom on the matter. Gaskins asserts the trial judge's treatment of defense counsel diminished him in the eyes of the jury, and because the trial judge's reaction was prejudicially improper, he is entitled to a new trial.

We first note that trial counsel raised no objection and made no argument to the trial court asserting the trial judge had made remarks directed at trial counsel which diminished counsel in the eyes of the jury. Thus, the issue may not be properly preserved for review. *See State v. Johnson*, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) (noting, in order to properly preserve an issue for appellate review, there must be a contemporaneous objection that is ruled upon by the trial court, and if a party fails to properly object, he is procedurally barred from raising the issue on appeal). Gaskins contends, however, that such a failure may be excused because the tone and tenor of the judge indicated any objection would be futile.

*See State v. Pace*, 316 S.C. 71, 74, 447 S.E.2d 186, 187 (1994) (holding, where the tone and tenor of the trial judge's remarks concerning defense counsel's gender and conduct were such that any objection would have been futile, defense counsel's failure to raise an objection did not amount to waiver of the issue of the propriety of the judge's comments concerning defense counsel).

We find no reversible error.  A review of the record reveals the remarks made by the trial court in front of the jury during the exchange of questions and objections were directed at both the solicitor and defense counsel.  While some were clearly directed at defense counsel, others were directed at both defense counsel and the solicitor, and yet another was directed at the solicitor alone.  Accordingly, we do not believe the trial judge displayed partiality, bias or prejudice in the performance of his duties.  Further, we do not believe his remarks undermined defense counsel's ability to effectively represent Gaskins.  Thus, we find the remarks made by the trial judge, though maybe strong, were not directed as a whole at either side.  Further, we find any prejudice from the fairly innocuous remarks was cured by the trial judge's instruction to the jury.  Additionally, even assuming it was not necessary for trial counsel to raise an objection to the trial judge's comments to preserve the matter for review, we note that, not only did trial counsel fail to voice any concern, he apparently jokingly told the trial judge he should simply inform the jury that "it was theater."  Such does not set the stage for the overly harsh treatment of trial counsel that Gaskins alleges on appeal.  *See Graves v. State*, 309 S.C. 307, 312, 422 S.E.2d 125, 128 (1992) (holding, although the trial judge should have refrained from cautioning the witness regarding perjury in the presence of the jury, the trial judge's comments did not amount to prejudice which denied petitioner an impartial jury or violated his due process rights).  *See also State v. Cooper*, 334 S.C. 540, 546-47, 514 S.E.2d 584, 587-88 (1999) (finding no prejudice from the trial judge's comments and rulings that were routine, noting none of the exchanges involved any improper, personal comment about defense counsel, nor tended to impugn counsel's credibility or diminish him in the eyes of the jury, many of the comments were innocuous or merely explanatory of the trial court's ruling, and some of the comments were made outside the presence of the jury, and therefore, could not affect the verdict).

For the foregoing reasons, Gaskins' convictions are

**AFFIRMED**.

**HUFF, THOMAS and GEATHERS, JJ., concur.**