**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Roderick Greene, Appellant.

Appellate Case No. 2014-002067

———

Appeal From Colleton County
Brian M. Gibbons, Circuit Court Judge

———

Unpublished Opinion No. 2016-UP-256
Submitted January 1, 2016 – Filed June 8, 2016

———

**AFFIRMED**

———

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

———

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Samuel*, 414 S.C. 206, 211, 777 S.E.2d 398, 401 (Ct. App. 2015) ("The question of whether court appointed counsel should be discharged is a

matter addressed to the discretion of the trial [court].  Only in a case of abuse of discretion will this [c]ourt interfere." (second alteration in original) (quoting *State v. Sims*, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991))); *id.* ("An abuse of discretion occurs when the decision of the trial [court] is based upon an error of law or upon factual findings that are without evidentiary support." (citing *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006))); *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) ("To establish a valid waiver of counsel . . . the accused [must] be:  (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation."); *Wroten v. State*, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) ("While a specific inquiry by the trial [court] expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the trial [court's] advice but rather the defendant's understanding."); *id.* ("If the record demonstrates the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied."); *State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) ("Factors the courts have considered in determining if an accused had sufficient background to understand the disadvantages of self-representation include:  (1) the accused's age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; . . . (4) whether he was represented by counsel before trial or whether an attorney indicated to him the difficulty of self-representation in his particular case; (5) whether he was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial . . . .").

**AFFIRMED.**[1]

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.