**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Geraldo Dametrius Land, Appellant.

Appellate Case No. 2018-001367

---

Appeal From Chester County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-084
Submitted February 1, 2021 – Filed March 17, 2021

---

**AFFIRMED**

---

Appellant Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Fredrick Schumacher, IV,
both of Columbia; and Solicitor Randy E. Newman, Jr.,
of Lancaster, all for Respondent.

---

**PER CURIAM:** Geraldo Land appeals his convictions for first-degree burglary, first-degree assault and battery, possession of a weapon during the commission of a violent crime, and two counts of armed robbery. The trial court sentenced him to

concurrent sentences of fifteen years' imprisonment for first-degree burglary, ten years' imprisonment for first-degree assault and battery, five years' imprisonment for possession of a weapon during the commission of a violent crime, and ten years' imprisonment for each count of armed robbery. On appeal, he argues the trial court erred in allowing him to proceed pro se because it did not adequately warn him of the dangers of self-representation; thus, he could not make a knowing, intelligent, and voluntary invocation.

Land moved to proceed pro se. The trial court questioned Land about his background, informed him of his right to counsel, warned him there were potential dangers of self-representation, and explained that the rules of evidence and the rules of the court were complex. Land responded that he understood these dangers and still wished to proceed pro se. We find the trial court conducted a specific inquiry that warned Land of the dangers and disadvantages of self-representation and Land knowingly, intelligently, and voluntarily waived his right to representation. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 491 (2018) ("In order to effectively invoke this right of self-representation, the defendant must clearly and unequivocally assert his desire to proceed pro se and such request must be made knowingly, intelligently and voluntarily."); *State v. Fuller*, 337 S.C. 236, 241, 523 S.E.2d 168, 170 (1999) ("If the request to proceed pro se is made after trial has begun, the grant or denial of the right to proceed pro se rests within the sound discretion of the trial [court]."); *Prince v. State*, 301 S.C. 422, 424, 392 S.E.2d 462, 463 (1990) (stating that *Faretta* requires the trial court to conduct a specific inquiry to warn the defendant of the dangers and disadvantages of self-representation); *Wroten v. State*, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990) ("[T]he ultimate test is not the trial [court's] advice but rather the defendant's understanding [of the dangers of self-representation]."); *id.* ("If the record demonstrates the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.