20468

The STATE, Respondent, v. Maxie Lee DIXON, Appellant.

(236 S. E. (2d) 419)

*Michael P. O'Connell,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker and Richard P. Wilson, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

July 14, 1977.

LITTLEJOHN, Justice.

The appellant Dixon was tried and convicted of possession of contraband by a prisoner, in violation of § 55-383, Code of Laws of South Carolina (1962). He was, at the time, an inmate of Central Correctional Institution in Columbia. The contraband charge arose when a guard discovered eight (8) one-half pint bottles of Vodka in a box of groceries appellant was carrying while performing his job as canteen manager in his cell block.

The trial court allowed the appellant to represent himself. Before permitting such, the court asked the appellant ques-

tions as to his education and work eperiences, as well as certain questions concerning the nature of the crime with which he was charged, possible punishment, etc. The court found that Dixon had a sixth grade education and had done automobile repair work.

Appellant submits that the trial court erred in accepting Dixon's purported waiver of assistance of counsel. There can be no doubt that he was offered, and did waive the court's offer to appoint counsel. It is beyond question that an accused person may waive counsel and represent himself. *Faretta v. California,* 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975). However, it is the responsibility of the trial judge to determine whether there is or is not an intelligent and competent waiver. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Whether or not such waiver was *intelligently* made in this case is a subject of debate.

Although we have chosen to consider it now, this is an issue which could have been, and perhaps more properly should have been raised by way of post-conviction relief because the issue now submitted to this Court was not presented to the trial court. The justice of the case does not require a new trial, but the appellant is entitled to a factual determination by the lower court on the "intelligent waiver" issue. The case is remanded to the lower court for a determination of whether the waiver was intelligently made. At the hearing both the prosecution and the appellant will be permitted to introduce evidence. [1] If it be found by the lower court that the waiver was intelligently made, an order dismissing the appeal shall be made by this Court. If it is determined that the waiver was not intelligently made, an order reversing the appellants conviction and granting him a new trial shall be issued.

---

[1] For precedent see *State v. Hamilton,* 251 S. C. 1, 159 S. E. (2d) 607 (1968), and *State v. Cannon,* 248 S. C. 506, 151 S. E. (2d) 752 (1966).

After a full consideration of the remaining questions raised by the appellant, we are of the opinion that no error of law appears and that a full written opinion would have no precedential value. Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.