21606

The STATE, Respondent, v. Ernest James MASSEY, Appellant.

(284 S. E. (2d) 781)

*Appellate Defender John L. Sweeny of S. C. Com'n of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Lindy P. Funkhouser* and *Nan L. Black,* Columbia, *for respondent.*

November 25, 1981.

*Per Curiam:*

Appellant was indicted on a charge of grand larceny. Before his trial began, he requested that his court-appointed counsel be relieved and that he be allowed to represent himself. The presiding judge asked the appellant about his age, education, employment, and prior observation of court proceedings. The judge advised appellant of his right to counsel and instructed the appointed counsel to remain at the defense table to answer any questions. Appellant's request to represent himself was granted, and he proceeded without receiving any assistance from counsel. Appellant was convicted of grand larceny and was sentenced to ten (10) years' imprisonment.

The record before this Court indicates that the presiding judge failed to determine whether appellant's request to pro-

ceed *pro se* constituted a knowing and intelligent waiver of the right to counsel. *See State v. Dixon,* 269 S. C. 107, 109, 236 S. E. (2d) 419, 420 (1977), citing *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. (2d) 1461 (1938). Accordingly, pursuant to the procedure employed in *Dixon, supra,* this case is remanded to the lower court for determination of whether the waiver was made knowingly and intelligently.