22918

The STATE, Respondent v. T. R. BATEMAN, Herbert Deas, Christopher Deas, Gerald Garner, Galen S. Croker and Oscar Simmons, Jr., Appellants.

(373· S. E. (2d) 470)

Supreme Court

*Elizabeth C. Fullwood, Deputy Chief Atty., of S. C. Office of Appellate Defense,* Columbia, *for appellants.*

*T. Travis Medlock, Atty. Gen., Harold M. Coombs, Jr., Asst. Atty. Gen.,* Columbia, and *Charles M. Condon, Sol.,* Charleston, *for respondent.*

Heard Sept. 21, 1988.

Decided Oct. 31, 1988.

HARWELL, Associate Justice:

Appellants were convicted of trafficking in marijuana. Appellant Galen R. Croker was sentenced to five years imprisonment. The remaining appellants were each sentenced to ten years imprisonment. We reverse and remand.

## FACTS

On February 28, 1986, appellants were arrested and charged with trafficking in marijuana and conspiracy to traffic in marijuana. Appellants are self-proclaimed members of the United Hebrew Kingdom Reservation of the Dr. Buzzard Cabalistic Order, commonly called root doctors. Appellant T. R. Bateman is "Chief Elder" and "Cabalist" of

the Kingdom. On March 13, 1986, when appellants appeared for their bond hearing, appellant Bateman served as spokesperson for all appellants and informed the court that they did not want an attorney. The judge attempted to appoint a public defender, but Bateman refused, saying "you all work as one," apparently referring to the public defender and the court. The judge informed appellant Bateman that a public defender would be appointed and available for appellants' use should they wish to consult him.

At this bond hearing, the judge also spoke with appellant Deas, questioning him briefly about his ownership interests in the land on which the marijuana was found. This was the extent of the questioning. The judge then released all appellants on bond and told them he had appointed a public defender to assist them. The record is devoid of any future inquiry into the background of appellants Deas and Bateman and does not indicate that the judge addressed the remaining appellants at all.

Appellants were scheduled for trial on June 18, 1986. All appellants were late, and the hearing began without them. The judge asked the public defender to represent the appellants in their absence. The public defender objected because he had received no cooperation from appellants and was concerned about a possible ineffective assistance of counsel argument at the post conviction relief stage. The judge then relieved the public defender as counsel. Shortly after the jury was empaneled, appellants appeared.

The judge asked appellant Bateman if he was "spokesman" for the group, and Bateman responded affirmatively. When the judge asked Bateman to explain appellants' failure to appear at a meeting with the solicitor on the previous day and their late arrival at trial, he recognized Bateman as spokesman.

The judge told appellants that the public defender would sit by them during the trial in case they needed assistance. Bateman again declined the assistance. The judge addressed the remaining appellants only long enough to ascertain the identity of each.

The judge then informed appellants that the trial would proceed, and that each could participate or one could speak for all. At trial, appellants Bateman and Deas conducted

direct and cross-examination of witnesses and each made a closing argument. The remaining appellants did not participate.

## DISCUSSION

While it is beyond question that an accused may waive counsel and represent himself, it is the responsibility of the trial judge to determine whether there has been an intelligent and competent waiver. *Faretta v. California*, 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975); *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *State v. Loftin*, 276 S. C. 48, 275 S. E. (2d) 575 (1981); *State v. Dixon*, 269 S. C. 107, 236 S. E. (2d) 419 (1977). The record must demonstrate that the judge conducted a hearing to determine whether a request to proceed *pro se* was accompanied by a knowing and intelligent waiver. *Faretta, supra;* *State v. Massey*, 277 S. C. 213, 284 S. E. (2d) 781 (1981); *State v. Loftin, supra.*

Here no determination as to the waiver of counsel was made with regard to any of the six appellants. The court briefly questioned Deas and Bateman and spoke to the remaining four defendants only long enough to identify them. While the judge elicited some information from Deas and Bateman concerning their religion and family, the scope of his inquiry ended there, falling far short of the standards for a knowing and intelligent waiver.

Nothing in the record demonstrates that the right to counsel was properly waived by any of the appellants. Accordingly, we reverse and remand for a new trial. We need not reach appellants' remaining exceptions.

Reversed and remanded.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.