23375

The STATE, Respondent v. Morris Winfred CASH, Appellant.

(403 S.E. (2d) 632)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Amie L. Clifford,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Submitted Feb. 14, 1991.

Decided April 8, 1991.

*Per Curiam:*

Appellant appeared *pro se* before the trial court and was convicted of third degree criminal sexual conduct. The record fails to show that the trial judge made any finding that appellant's decision to proceed *pro se* was accompanied by a knowing and intelligent waiver of his right to counsel. Appellant, therefore, contends he is entitled to a new trial. We disagree.

It is the responsibility of the trial judge to conduct a ▮ hearing to determine whether an accused's request to proceed *pro se* is accompanied by a knowing and intelligent waiver of the right to counsel. *State v. Coto,* 296 S.C. 480, 374 S.E. (2d) 181 (1988); *State v. Bateman,* 296 S.C. 367, 373 S.E. (2d) 470 (1988); *State v. Dixon,* 269 S.C. 107, 236 S.E. (2d) 419 (1977). To establish a valid waiver, the accused must be made aware of the right to counsel and the dangers and disadvantages of self-representation. *Faretta v. California,* 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. (2d) 562 (1975); *Prince v. State,* — S.C. —, 392 S.E. (2d) 462 (1990); *Wroten v. State,* — S.C. —, 391 S.E. (2d) 575 (1990).

The record in this case fails to show that there was a valid waiver of the right to counsel. Therefore, the issue is what remedy is appropriate.

In *Dixon,* this Court held that the absence of evidence of a knowing and intelligent waiver of the right to counsel did not require a new trial. Instead, the Court held that the appellant was entitled to a remand to the trial court for a factual determination as to whether the waiver was knowingly and intelligently made. This was the remedy for this kind of error for over ten years. *See State v. Hallock,* 275 S.C. 314, 269 S.E. (2d) 774 (1980); *State v. Massey,* 277 S.C. 213, 284 S.E. (2d) 781 (1981).

In 1988, however, this Court decided *Coto* and *Bateman.* The unusual facts in those cases indicated that it would be almost impossible to find a knowing and intelligent waiver of the right to counsel even if a *Dixon* hearing were ordered. Therefore, in the interest of judicial economy, this Court granted the appellants in those cases new trials without following the procedure outlined in *Dixon.*

We now hold that, except in extraordinary cases where it is clear that a hearing on remand would serve no useful purpose, the remedy when the record fails to show a knowing and intelligent waiver of the right to counsel will be a remand for a *Dixon* hearing. Accordingly, we remand the case to the trial judge to determine whether appellant knowingly and intelligently waived his right to counsel under the standard established in *Prince* and *Wroten.* Both the prosecution and the defense will be permitted to present evidence on this issue. If the trial court determines that the waiver was knowingly and intelligently made, it shall issue an order denying appellant a new trial on this ground. If the trial court finds that the waiver was not knowing and intelligent, it shall grant appellant a new trial.

Remanded.