556 S.E.2d 368

**Phillip P. WATTS, Sr., Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25378.**

Supreme Court of South Carolina.

Submitted Oct. 24, 2001.

Decided Nov. 26, 2001.

Assistant Appellate Defender Aileen P. Clare, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., Assistant Attorney General David Spencer, all of Columbia, for respondent.

TOAL, Chief Justice:

Phillip F. Watts, Sr. ("Petitioner") appeals the denial of his application for Post Conviction Relief ("PCR"). We reverse and remand for a new trial.

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner was indicted by the York County Grand Jury for distribution of crack cocaine on March 14, 1996. Petitioner pled guilty to distribution of crack cocaine, second offense, in May 1996. Petitioner was sentenced to 8 years imprisonment.

Petitioner was not represented by counsel at his plea proceeding. At some point before Petitioner entered his guilty plea on May 6, 1996, the court relieved Petitioner's court appointed attorney upon Petitioner's motion. During the plea proceeding, the solicitor told the plea judge he had advised Petitioner to hire a new, private attorney when Petitioner relieved his appointed attorney. The plea judge did not inquire as to why Petitioner had failed to hire a new attorney or advise Petitioner of the disadvantages of appearing without an attorney. The plea judge told Petitioner he had a right to counsel, and that he had been appointed counsel which he had chosen to relieve. However, the judge said nothing further and did not elicit any response from Petitioner regarding his right to counsel or his waiver of that right.

On June 24, 1996, Petitioner filed an application for post conviction relief, alleging that he had no lawyer when he entered his guilty plea, and that his plea was coerced. An evidentiary hearing was held on June 2, 1997 and Petitioner's

application was denied in an order dated August 18, 1997. This Court granted certiorari on the following issue:

I. Is Petitioner entitled to a new trial because he did not knowingly and intelligently waive his right to counsel before pleading guilty?

### LAW/ANALYSIS

### I. Waiver of Right to Counsel

Petitioner argues his guilty plea was invalid because he did not knowingly and intelligently waive his right to counsel when he appeared at trial with no attorney and pled guilty. We agree.

In order to waive the right to counsel, the accused must be (1) advised of his right to counsel and (2) adequately warned of the dangers of self-representation. *Prince v. State,* 301 S.C. 422, 392 S.E.2d 462 (1990) (citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). It is the trial judge's responsibility to determine whether there is a competent, intelligent waiver by the defendant. *State v. Dixon,* 269 S.C. 107, 236 S.E.2d 419 (1977) (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). If the trial judge fails to address the disadvantages of appearing *pro se,* as required by the second prong of *Faretta v. California,* "this Court will look to the record to determine whether petitioner had sufficient background or was apprised of his rights by some other source." *Prince,* 301 S.C. at 424, 392 S.E.2d at 463 (citing *Wroten v. State,* 301 S.C. 293, 391 S.E.2d 575 (1990)).

> While a specific inquiry by the trial judge expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the trial judge's advice but rather the defendant's understanding. If the *record demonstrates* the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied.

*Wroten,* 301 S.C. at 294, 391 S.E.2d at 576 (citing *Fitzpatrick v. Wainwright,* 800 F.2d 1057, 1065 (11th Cir.1986)) (emphasis added).

In a PCR action, if the record fails to demonstrate the petitioner made an informed choice to proceed *pro se,* with

"eyes open," then the petitioner did not make a knowing and voluntary waiver of counsel and the case should be remanded for a new trial. *See Wroten; Prince; Bridwell v. State,* 306 S.C. 518, 413 S.E.2d 30 (1992). Our precedent requires the trial judge to conduct "a hearing to determine whether a request to proceed *pro se* was accompanied by a knowing and intelligent waiver." *State v. Bateman,* 296 S.C. 367, 369, 373 S.E.2d 470, 471 (1988). In *Bateman,* all six defendants refused the judge's attempts to appoint counsel and also his offer to have a public defender sit with them during the trial for support. The judge allowed the trial to proceed without an extensive inquiry into the background of any of the six defendants. This Court reversed and remanded for a new trial because it found "no determination as to waiver of counsel was made with regard to any of the six appellants." *Id.*

It is clear from the record in this case the plea judge made no effort to advise Petitioner of the disadvantages of appearing *pro se* during the plea proceeding. The plea judge permitted *the solicitor* to relate the circumstances of Petitioner's release of his appointed attorney. The judge did not ask Petitioner a single question about why he relieved his counsel or if he wished to have counsel present. He simply stated, "You have the right to a lawyer. And the court appointed you one, you didn't want him, so he got relieved," apparently relying on the solicitor's word that he told Petitioner to get a new attorney by trial as sufficient information. Furthermore, Petitioner did not say anything about counsel during the plea proceeding. He never said he wished to waive his right to counsel, he did not want an attorney, or he wanted to represent himself. According to these facts, it is clear the plea judge did not effectively warn Petitioner of the dangers of appearing *pro se,* as required by *Faretta v. California.*

As discussed, in the absence of proper *Faretta* warnings, the reviewing court may look to the record to determine whether Petitioner's background indicated he could make an intelligent waiver without such advice. *Prince.* The plea judge failed to make a meaningful inquiry into Petitioner's background to determine whether Petitioner had sufficient experience or knowledge to waive counsel. The judge asked

Petitioner for his age and education level, and about his first offense. Petitioner answered that he was 41 years old and had graduated from high school. When the judge asked Petitioner about his first offense, the *solicitor answered for Petitioner*, stating he was convicted "sometime ago" (in 1983) of simple possession of marijuana and strong arm robbery. The solicitor explained, "[i]t's for that reason that I'm recommending he be sentenced to the minimum—to a cap of eight years." The plea judge did not inquire into the circumstances of the prior conviction, and there is nothing in the record to indicate whether Petitioner served time, pled guilty to the charges, or was represented by counsel.

At Petitioner's PCR hearing, Petitioner's counsel argued there was nothing in the record to show either Petitioner (1) was warned or (2) had sufficient background to understand the disadvantages of self-representation, enabling him to intelligently waive his right to counsel. In response, the State argued the transcript of the proceeding in which Petitioner moved to relieve his appointed attorney *probably* reflected that the presiding judge explained the danger of going further without representation to Mr. Watts. The State, however, did not have this transcript at the PCR hearing and never produced it to the Court. Instead, the State offered the testimony of the prosecuting solicitor, Mr. Cranshaw. Mr. Cranshaw testified he did not specifically recall the hearing in which Petitioner's appointed attorney was released, but that he *believed* the judge *would have warned* Petitioner.

The record fails to demonstrate Petitioner was warned adequately of the dangers of self-representation when he relieved his appointed counsel and, affirmatively demonstrates Petitioner was *not warned* by the plea judge, as *Faretta v.California* requires. Further, the record fails to show Petitioner had sufficient background to make an intelligent waiver of counsel absent *Faretta* warnings. Therefore, the denial of PCR is reversed and the case is remanded for a new trial.

### CONCLUSION

For the foregoing reasons, we **REVERSE** the denial of PCR and **REMAND** for a new trial.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.