THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Vincent Raynard Allen, Appellant.
 
 
 

Appeal From Greenville County
J. Cordell Maddox, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-182
Submitted April 2, 2007  Filed April 18, 2007

AFFIRMED

 
 
 
 Chief Attorney Joseph L. Savitz, III, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, Office of the Attorney General, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Vincent Raynard Allen (Allen) pled guilty to the charge of murder and an unrelated charge of burglary in the first degree.  Appearing pro se on the burglary charge, Allen waived presentment and pled guilty.  Allen claims the trial court committed reversible error when it failed to warn him of the dangers of self-representation pursuant to Faretta v. California, 422 U.S. 806 (1975), and Prince v. State, 301 S.C. 422, 392 S.E.2d 462 (1990).  We affirm.
FACTS
On June 30, 2005, Allen pled guilty to murder and burglary in the first degree.  The day before Allen pled guilty, he wrote a letter to the prosecuting assistant solicitor, which the State subsequently entered into evidence.  In the letter, Allen stated the following: I would like to enter a plea on the [b]urglary case when I go to court for the other charges and I have relieved [my counsel] in the case and would like to proceed without him being present.  Allen was represented by counsel on the murder charge, but he appeared pro se on the burglary charge.  A grand jury indicted Allen on the murder charge, but Allen waived his right to presentment on the burglary charge.  
On the day of Allens plea, the trial court questioned Allens decision to dismiss his counsel assigned to represent him on the burglary charge. 
 

 Court:  My main concern is that you know what youre doing on both of these two indictments.  Then Ive got a lot of questions Ive got to ask you to go through to satisfy myself that, number one, you know what youre doing, number two, youre waiving all of your rights that you need to waive and that the facts are correct, okay?
 Allen: Yes, sir.
 . . . 
 Court: Now, I understand that on the burglary indictment you are not represented; is that correct?
 Allen: By [my attorney], but hes not present.
 . . . 
 Court: Okay. But youre confident that youve released him and that he knows hes not supposed to be here? I guess thats my question. . . . You dont expect him to be here?
 Allen: Oh, no, sir. 
 Court: Thats mainly what Im looking for.  Do you feel confident that you can handle this plea without him today?
 Allen: Yes, sir.
 Court: And without a lawyer?
 Allen: Yes, sir.  

The trial court then repeatedly questioned Allen regarding the consequences of pleading guilty to burglary.  The trial court asked Allen if he understood that by pleading guilty, he would waive his constitutional rights, specifically his right to a jury trial, his right to remain silent, his right to confront witnesses, and his right to present a defense.  Allen responded that he understood he was waiving all of these rights by pleading guilty.  
After the State presented its version of the incident, the trial court asked Allen whether he had any medical problems.  Allen responded he recently had delusions, but he felt all right that day, and he understood what was going on in the courtroom. 
 
The trial court then found that Allen knowingly and voluntarily pled guilty to the burglary charge, that he had the advice of counsel whom he subsequently released, and that Allen understood his attorney was not present.  When questioned by the trial court whether Allen was satisfied with his attorneys representation of him, Allen said he was not, even though Allen talked with counsel over the course of the year about his case.  However, Allen still wanted to proceed without a lawyer, even when the trial court said it would appoint a lawyer if Allen so desired.
 
After finding Allen knowingly and voluntarily pled guilty to burglary and voluntarily waived his right to counsel, the trial court accepted Allens guilty plea.  With the representation of counsel, Allen then pled guilty to murder.  Pursuant to a negotiated sentencing agreement between Allen and the State, the trial court sentenced him to thirty years imprisonment on each charge and ordered the sentences to run concurrently.  This appeal followed. 
 
LAW/ANALYSIS
Allen claims his guilty plea for burglary was invalid because Allen did not knowingly and voluntarily waive his rights to counsel as required by Faretta v. California, 422 U.S. 806 (1975), and Prince v. State, 301 S.C. 422, 392 S.E.2d 462 (1990).  We disagree.
To establish a valid waiver of counsel, the trial court must advise the accused of his right to counsel and adequately warn the accused of the dangers of self-representation.  Prince v. State, 301 S.C. 422, 423, 392 S.E.2d 462, 463 (1990) (citing Faretta v. California, 422 U.S. 806, 835 (1975)).  The trial court must determine that the accused has made a knowing and intelligent waiver.  State v. Dixon, 269 S.C. 107, 109, 236 S.E.2d 419, 420 (1977) (internal citation omitted). 
 
If the trial court fails to address the disadvantages of appearing pro se, as required by the second prong of Faretta, this Court will look to the record to determine whether [the accused] had sufficient background or was apprised of his rights by some other source.  Prince, 301 S.C. at 424, 392 S.E.2d at 463 (internal citation omitted).  The ultimate test in determining whether an accused has adequately waived his rights is not the trial courts advice but rather the accuseds understanding.  Watts v. State, 347 S.C. 399, 402, 556 S.E.2d 368, 370 (2001).  Further, if the record shows that the accuseds decision to appear pro se is made with an understanding of the risks of self-representation, the requirements of voluntary waiver will be satisfied. Id. 
 
When the trial court has not directly advised the accused of his right to self-representation, this Court can consider several factors in determining whether the accused understands the dangers of self-representation.  These factors include, but are not limited to: 
 

 (1) the accuseds age, educational background, and physical and mental health; (2) whether the accused was previously involved in criminal trials; (3) whether the accused knew the nature of the charge(s) and of the possible penalties; (4) whether the accused was represented by counsel before trial and whether that attorney explained to him the dangers of self-representation; (5) whether the accused was attempting to delay or manipulate the proceedings; (6) whether the court appointed stand-by counsel; (7) whether the accused knew he would be required to comply with the rules of procedure at trial; (8) whether the accused knew of legal challenges he could raise in defense to the charge(s) against him; (9) whether the exchange between the accused and the court consisted merely of
 pro forma answers to pro forma questions; and (10) whether the accuseds waiver resulted from either coercion or mistreatment. 
 

State v. Gardner, 351 S.C. 407, 412-13, 570 S.E.2d 184, 186-87 (2002).
While evidence in the record proves that Allen was aware of his right to counsel, insufficient evidence exists to indicate the trial court specifically advised him on the dangers of self-representation.  However, after weighing the factors set forth in Gardner, we find Allen knowingly and voluntarily waived his right to counsel. 
 
On the date Allen pled guilty, he was thirty-one years old.  Although he attended school only through the tenth grade, he had obtained his G.E.D.  At the plea hearing, Allen testified he suffers from an alcohol abuse problem.  However, Allen stated he had not consumed any drugs or alcohol within twenty-four hours of his plea, and he was not currently taking any drugs or medication.  Allen also stated he had been examined for mental problems, namely delusions, but he understood what was going on and felt well enough to proceed.
 
Further, one of his two attorneys, who represented Allen on the murder charge, testified at the same proceeding that Allen understood the murder charge brought against him as well as the potential sentence that the trial court could impose against him.  Allen also informed the trial court he felt competent enough to plead guilty to murder.  In addition, Allen wrote a letter to the prosecuting assistant solicitor, in which he stated I have relieved [my counsel] in th[is] case and would like to proceed without him being present.
 
The trial court also questioned Allen on whether he had been in criminal court before that date.  Allen responded that he had previously been in criminal court on two separate occasions.  It is unclear from the record whether Allen went to trial for those charges or pled guilty, but based on his previous appearances in the judicial system, we can logically presume that Allen had some knowledge about criminal proceedings.
 
The record clearly indicates that Allen understood the nature of the burglary charge and the possible penalties for that charge.  The State explained to the trial court the sentencing ranges for burglary in the first degree.  The trial court proceeded to ask Allen whether he understood the maximum possible sentence and whether Allen understood the negotiated plea and its intricacies, to which Allen responded that he did.  Further, when the State recited its version of the facts, which supported a charge of first degree burglary, Allen said he had no major disagreement with the States version.
 
While Allen was represented by counsel before he pled guilty to burglary, the record fails to indicate whether his former attorney warned him of the dangers of self-representation.  However, the trial court acknowledged that Allen had no counsel on the burglary charge at the time of the plea.  The trial court also asked whether Allen was satisfied with his former attorney and told Allen it would appoint a lawyer for him. 
 
These facts are in direct opposition to Gardner v. State, in which our Supreme Court found the defendant did not knowingly and voluntarily waive his right to counsel, thus invalidating his guilty plea.  351 S.C. 407, 570 S.E.2d 184 (2002).  Unlike the instant case, the court in Gardner stated: [T]he plea judge never even acknowledged that Petitioner did not have counsel with him at the plea hearing.  The judge did not inquire about why Petitioner had relieved his counsel, or if he wished to have counsel present.  There is absolutely no mention by the judge of anything relating to the right to an attorney . . . .  Id. at 412, 570 S.E.2d at 186.
The exchange between the trial court and Allen did not consist merely of pro forma answers to pro forma questions.  The court sufficiently questioned Allen on his right to representation and gave Allen an opportunity to explain his dissatisfaction with his former attorney as well as render Allens version of the burglary incident.  (R.pp.9-10, 14).  Further, the trial court questioned Allen on whether he understood the constitutional rights he would be waiving if he pled guilty.  Unlike Gardner, the trial court fully complied with the mandates of Boykin v. Alabama, 395 U.S. 238 (1969), it advised Allen of the maximum penalty for first degree burglary, it described the nature of the rights Allen was waiving by pleading guilty, and the trial court asked Allen for an admission of guilt.  351 S.C. at 414, 570 S.E.2d at 187.
Nothing in the record indicates that Allen was either coerced or manipulated into pleading guilty.  When the trial court directly questioned him on this issue, Allen confirmed that no one had promised him anything or threatened him in order to make him plead guilty. 
 
The record contains sufficient evidence to show that Allen understood the nature of his actions in waiving his right to counsel.  Consequently, we find the trial court did not err when it accepted Allens guilty plea.
CONCLUSION
Based on the foregoing, the decision of the trial court is accordingly
AFFIRMED.[1]
HUFF, BEATTY, AND WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.