**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jimmy Charles Kendall, III, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2013-001800
Lower Court Case No. 2012-CP-46-00768

———

Appeal From York County
The Honorable John C. Hayes, III, Circuit Court Judge

———

Memorandum Opinion No. 2015-MO-023
Submitted April 14, 2015 – Filed April 29, 2015

———

**REVERSED AND REMANDED**

———

Appellate Defender Laura Ruth Baer, of Columbia, for Petitioner.

Assistant Attorney General James Rutledge Johnson, of Columbia for Respondent.

———

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the summary dismissal of his post-conviction relief (PCR) application. We grant the petition,

dispense with further briefing, reverse the summary dismissal, and remand to the lower court for a full evidentiary hearing.

Petitioner argues the PCR judge erred in summarily dismissing his application because his claim for relief was not procedurally barred by statute. We agree.

Summary dismissal of a PCR application without a hearing is appropriate only when (1) it is apparent on the face of the application that there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief. S.C. Code Ann. § 17-27-70 (2014). When reviewing the propriety of a dismissal, this Court must view the facts presented by an applicant as true and in the light most favorable to the applicant. *See* S.C. Code Ann. § 17-27-80 (2014) (PCR actions are governed by the usual rules of civil procedure); *Wilson v. State*, 348 S.C. 215, 559 S.E.2d 581 (2002); *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000).

Petitioner filed a PCR application in which he alleged he did not knowingly and voluntarily waive his right to counsel at the plea hearing. The PCR judge denied relief, finding petitioner failed to raise a claim proper for PCR. The judge found an applicant who represents himself in a proceeding cannot later claim ineffective assistance of counsel. Specifically, the judge found petitioner's allegation that he did not knowingly and intelligently waive his right to counsel was procedurally barred because it could have been raised on direct appeal.[1]

We find the PCR judge erred in summarily dismissing petitioner's claim. This Court has held the issue of waiver of the right to counsel is proper for PCR and has consistently addressed it in the PCR context. *See State v. Dixon*, 269 S.C. 107, 236 S.E.2d 419 (1977) (holding the issue of whether there was an intelligent and voluntary waiver of the right to counsel should be raised by way of PCR, not appeal, where the issue of sufficiency of the waiver was not presented to the trial court); *see also Gardner v. State*, 351 S.C. 407, 570 S.E.2d 184 (2002) (stating if the record fails to demonstrate the petitioner made an informed choice to proceed *pro se*, with "eyes open," the petitioner did not make a knowing and voluntary waiver of counsel); *Watts v. State*, 347 S.C. 399, 556 S.E.2d 368 (2001) (stating a PCR applicant is entitled to a new trial where the trial judge did not effectively warn applicant of the dangers of appearing *pro se* and failed to make a meaningful inquiry into applicant's background); *Wroten v. State*, 301 S.C. 293, 391 S.E.2d 575 (1990) (stating while a specific inquiry by the trial judge expressly addressing

---

[1] No direct appeal was taken in this case.

the disadvantages of proceeding *pro se* is preferred, the ultimate test is not the judge's advice, but the defendant's understanding).

Accordingly, we grant the petition for a writ of certiorari, dispense with further briefing, reverse the summary dismissal of petitioner's PCR application, and remand this case to the lower court for a full evidentiary hearing.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**