**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Terrence O'Neil Frazier, Appellant.

Appellate Case No. 2015-002464

———————

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-371
Heard October 14, 2019 – Filed November 27, 2019

———————

**REMANDED**

———————

Appellate Defender Laura Ruth Baer, and Appellate Defender Joanna Katherine Delany, both of Columbia, both for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Terrence Frazier argues he is entitled to a new trial because he did not knowingly and intelligently waive his right to counsel. Frazier maintains that

the record does not demonstrate that his decision to represent himself was made with an understanding of the risks of self-representation. We remand to the circuit court for an evidentiary hearing on the issue.

## FACTS

Law enforcement initially charged Frazier with trafficking methamphetamine, grand larceny, auto breaking, and leaving the scene of an accident based on a myriad of events that took place on July 9, 2015. At his preliminary hearing held on September 1, 2015, Frazier appeared *pro se* and had the following exchange with the municipal court:

> Q: "Mr. Frazier, you understand that I have cautioned you that you should not go forward without an attorney, is that correct, sir?"
>
> A: "I understand that."
>
> Q: "And . . . you waive your rights to an attorney at this critical stage of a preliminary hearing and you want to go forward today, is that correct?"
>
> A: "I'm representing myself, I don't waive my rights."

Frazier was subsequently indicted on November 13, 2015, for breaking into a motor vehicle, grand larceny, trafficking in methamphetamine, leaving the scene of an accident, and carjacking.

On the first day of trial proceedings, November 16, 2015, Frazier again appeared *pro se*. After noting that Frazier refused the State's plea offer, the court asked, "Now, have you had an opportunity to speak with a lawyer of your choosing to see if you wanted help and assistance in defending yourself in this matter? Are you prepared to go to trial?" Frazier responded that he was prepared to proceed to trial. After the conclusion of pretrial matters, the State asked the court to give Frazier a *Faretta*[1] warning, expressing concern that the warning given at the preliminary hearing "probably took five minutes" and was likely not comprehensive enough. The circuit court engaged in the following colloquy with Frazier:

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

Q:     Mr. Frazier, tell me how far you went [in] school.  You told the jury that you were 25.

A:     9th grade, Your Honor.

Q:     What kind of work have you been doing?

. . . .

A:     Like cutting grass, remodeling houses, stuff like that.

. . . .

Q:     Do you understand I could appoint you a public defender?

A:     I understand that, Your Honor.

Q:     Do you want one?  I mean you are doing fairly well this afternoon pointing out these motions and pretrial matters.  You are doing a very nice job of being organized.

A:     If I get appointed a public defender, it won't start my case all the way over and take more time, would it?

Q:     You don't hear that very often.  It could, but—now, would you like me to see if I can get a lawyer to sit with you to help advise you on procedural matters, like the [c]ourt [r]ules?

A:     Yeah, that will work.

Q:     But you handle your case and you handle the witnesses, since you are familiar with the facts.

A:     Yes, sir, that will work.  Well, look, . . . if I filled out for a public defender and I put in for a bond reduction hearing, . . . if they extended the time for the trial, could I go up for a bond reduction?

Q:     Technically you could, but you probably wouldn't get it.

A:     Yeah.  Well, I really want to get this over with.

Q:     You feel comfortable representing yourself?

. . . .

A:     Yeah, I feel . . . comfortable with the facts of the evidence.

Q:     Okay.

A:     But I would like you to allow them to sit with me and —

Q:     I'm going to see if I can get a public defender to sit with you to advise you procedurally. Did you ever have a public defender? Who was your lawyer before that was—

A:     No, I didn't have a lawyer. I never got one.

Q:     You never had one?

A:     No.

Q:     Have you ever had [a] public defender appointed [to] you for any matter?

A:     Yes, sir, I have.

The court then appointed Frazier standby counsel. Frazier was found guilty on all charges save for carjacking, for which the jury found him guilty of the lesser offense of use of a vehicle without permission. He was sentenced to incarceration for twelve months for leaving the scene of an accident, thirty-six months for use of vehicle without permission, sixty months for both grand larceny and breaking into a motor vehicle, and twenty years for trafficking methamphetamine second offense. This appeal follows.

## ISSUE

Is Frazier entitled to a new trial because he did not knowingly and intelligently waive his right to counsel?

## STANDARD OF REVIEW

"Whether a defendant has knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which appellate courts review de novo." *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 490 (2018). Specifically, we review a circuit court's findings of historical fact for clear error; but we review the sufficiency of a waiver of counsel based on those findings of fact de

novo. *See id.* (citing *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005)). "In doing so, [an appellate c]ourt must consider the defendant's testimony, history, and the circumstances of his decision, as presented to the circuit [court] at the time the defendant made his request." *Id.*

## LEGAL ANALYSIS

Frazier argues he did not knowingly and intelligently waive his right to counsel at any point in the proceedings because he was not warned of the dangers of self-representation. We agree that the record fails to show that Frazier was either adequately warned of the dangers of proceeding *pro se* or had sufficient background to understand the risks of self-representation. We disagree, however, that a new trial is the proper remedy.

Under both the federal and state constitutions,[2] a criminal defendant in South Carolina must be afforded the right to the assistance of counsel. *Faretta*, 422 U.S. at 807. A defendant may waive this right and represent himself, so long as his waiver is knowing and intelligent. *State v. Barnes*, 407 S.C. 27, 35–36, 753 S.E.2d 545, 550 (2014). To effectuate a valid waiver of the right to counsel under *Faretta*, the accused must be (1) advised of his right to counsel and (2) adequately warned of the dangers of self-representation. *Watts v. State*, 347 S.C. 399, 402, 556 S.E.2d 368, 370 (2001). "It is the [circuit court]'s responsibility to determine whether there is a competent, intelligent waiver by the defendant." *Id.* The type of warnings and procedures that should be required before allowing a waiver of the right to counsel depends on the particular stage of the proceedings in question. *Iowa v. Tovar*, 541 U.S. 77, 89–90 (2004). "Warnings of the pitfalls of proceeding to trial without counsel . . . must be 'rigorous[ly]' conveyed[,] . . . [h]owever, . . . at earlier stages . . . a less searching or formal colloquy may suffice." *Id.* at 89 (quoting *Patterson v. Illinois,* 487 U.S. 285, 298 (1988)).

"While a specific inquiry by the [circuit court] expressly addressing the disadvantages of a *pro se* defense is preferred, the ultimate test is not the [circuit court]'s advice but rather the defendant's understanding." *Watts*, 347 S.C. at 402, 556 S.E.2d at 370 (quoting *Wroten v. State*, 301 S.C. 293, 294, 391 S.E.2d 575, 576 (1990)). In the absence of this specific inquiry by the circuit court, the appellate court will look to the record to determine whether the defendant had a sufficient background or if he was apprised of his rights by some other source. *See id.*; *Gardner v. State*, 351 S.C. 407, 412, 570 S.E.2d 184, 186 (2002); *see also State v. Cash*, 309 S.C. 40, 43, 419 S.E.2d 811, 813 (Ct. App. 1992) (listing factors courts

---

[2] U.S. Const. amend. VI; S.C. Const. art. I, § 14.

consider when determining the sufficiency of a defendant's background). "If the record demonstrates the defendant's decision to represent himself was made with an understanding of the risks of self-representation, the requirements of a voluntary waiver will be satisfied." *Wroten*, 301 S.C. at 294, 392 S.E.2d at 576.

Here, the record reflects that no adequate *Faretta* warning was given by the courts at any stage of the proceedings. At the preliminary hearing, the municipal court indicated it had merely "cautioned" Frazier that he should not go forward without an attorney. Such general warnings are inadequate. *See State v. Bryant*, 383 S.C. 410, 416, 680 S.E.2d 11, 14 (Ct. App. 2009). The record does not include any mention by the municipal court of the *specific* dangers of proceeding *pro se*. Likewise, the *Faretta* colloquy between Frazier and the circuit court was inadequate. While the court properly advised Frazier of his (1) right to representation, it failed to mention (2) any dangers of proceeding without counsel. Further, the record does not reflect that Frazier had sufficient background to understand the dangers of self-representation. He was twenty-five years old with a ninth grade education, was unrepresented by counsel throughout the entire matter, self-described his charges as "frivolous," and the record does not reflect that he had been through a criminal trial prior to the instant matter. *See Gardner*, 351 S.C. at 413, 570 S.E.2d at 187 (finding the fact that the defendant had a twelfth grade education, had been represented by counsel on a previous charge to which he pled guilty, and had an attorney when he was first charged in the present matter insufficient to demonstrate that he was aware of the dangers of self-representation); *Osbey v. State*, 425 S.C. 615, 620–21, 825 S.E.2d 48, 51 (2019) (finding the background of a defendant who had two prior drug convictions insufficient to plead guilty to a third drug offense without warnings of the dangers of self-representation).

"The record in this case fails to show that there was a valid waiver of the right to counsel. Therefore, the [next] issue is what remedy is appropriate." *State v. Cash*, 304 S.C. 223, 224, 403 S.E.2d 632, 633 (1991).

"The typical remedy for failing to show a knowing and intelligent waiver of counsel is to remand to the [circuit] court for an evidentiary hearing to determine whether the waiver was, in fact, knowingly and intelligently made." *In re Christopher H.*, 359 S.C. 161, 169, 596 S.E.2d 500, 505 (Ct. App. 2004). "The justice of [such a] case does not require a new trial, but the appellant is entitled to a factual determination by the lower court on the 'intelligent waiver' issue." *State v. Dixon*, 269 S.C. 107, 109, 236 S.E.2d 419, 420 (1977). "However, this court can grant an appellant a new trial without an evidentiary hearing if it is clear that a hearing on remand would serve no useful purpose." *In re Christopher H.*, 359 S.C. at 169, 596 S.E.2d at 505; *see also Cash*, 304 S.C. at 225, 403 S.E.2d at 634

("[E]xcept in extraordinary cases where it is clear that a hearing on remand would serve no useful purpose, the remedy when the record fails to show a knowing and intelligent waiver of the right to counsel will be a remand for a *Dixon* hearing.").

Here, a full hearing on the issue has not been held, and this case does not rise to the level of "extraordinary" as was the case in *In re Christopher*—when the courts failed to **both** (1) adequately advise the accused of his right to counsel and (2) adequately warn him of the dangers of self-representation pursuant to *Faretta*. *See In re Christopher H.*, 359 S.C. at 169–70, 596 S.E.2d at 505. Further, the accused in that case was only sixteen years old with a ninth grade education, had a full scale IQ of seventy-four, and had been to family court only once before. *Id.* In the instant matter, it is unclear from the record if Frazier had previously been through a trial, knew the nature of his charges or the possible penalties, the extent to which his prior counsel informed him of his rights, the level of "caution" provided by the municipal court before the preliminary hearing formally began, whether he had the opportunity to speak to a lawyer of his choosing before trial (and whether this lawyer warned him about the dangers of self-representation), or whether he received warnings about the dangers of proceeding *pro se* from any other source. Therefore, the proper remedy is to remand for an evidentiary hearing, where both Frazier and the State can present evidence on the issue. *See Cash*, 304 S.C. at 225, 403 S.E.2d at 634 ("Both the prosecution and the defense will be permitted to present evidence on this issue."); *cf. State v. Moore*, 343 S.C. 282, 288 n.5, 540 S.E.2d 445, 448 n.5 (2000) ("Given that a full hearing has been conducted and a full record exists, a remand for a hearing . . . is unnecessary.").

## CONCLUSION

Based on the foregoing, we remand for an evidentiary hearing to determine whether Frazier's waiver was knowingly and intelligently made.

**REMANDED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**