**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dana L. Morton, Appellant.

Appellate Case No. 2018-001909

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2021-UP-277
Submitted June 1, 2021 – Filed July 21, 2021

**REMANDED**

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood,
for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia, and Solicitor Barry Joe Barnette,
of Spartanburg, all for Respondent.

**PER CURIAM:** Dana Morton appeals his convictions for possession with intent
to distribute (PWID) marijuana and trafficking cocaine, arguing, *inter alia*, the trial

court erred in failing to appoint a public defender and requiring him to represent himself at trial.  We remand.

Morton argues the trial court erred in requiring him to represent himself, in failing to appoint a public defender when he did not affirmatively waive his right to counsel, and in not adequately informing him of the dangers of self-representation.  The State acknowledges that the transcript fails to provide a colloquy between the court and Morton regarding the dangers of self-representation.  The State further concedes this court should remand the case to determine whether Morton's decision to represent himself was knowingly and voluntarily made.

Our supreme court has repeatedly found the appropriate remedy in such a case is not a new trial but a remand to the trial court for a determination of whether the waiver was intelligently made.  *See State v. Dixon*, 269 S.C. 107, 109, 236 S.E.2d 419, 420-21 (1977) (remanding "to the lower court for a determination of whether the waiver was intelligently made"); *State v. Cash*, 304 S.C. 223, 225, 403 S.E.2d 632, 634 (1991) (stating "except in extraordinary cases where it is clear that a hearing on remand would serve no useful purpose, the remedy when a record fails to show a knowing and intelligent waiver of the right to counsel will be a remand for a *Dixon* hearing"); *State v. Dial*, 429 S.C. 128, 135, 838 S.E.2d 501, 505 (2020) (remanding the case to the circuit court to conduct an evidentiary hearing pursuant to *Dixon* to determine whether Dial knowingly and intelligently waived his right to counsel).

Based on the State's concession and our review of the record, we remand to the circuit court to conduct a *Dixon* hearing.[1]

---

[1] We affirm Morton's remaining issues pursuant to Rule 220(b)(2), SCACR.  *See Dixon*, 269 S.C. at 110, 236 S.E.2d at 421 (summarily disposing of Dixon's remaining issues and remanding for a hearing on the issue of a knowing and voluntary waiver of the right to counsel).  As to the testimony describing a confidential informant (CI) as reliable, we find any error in its admission was harmless because similar evidence was admitted without objection when Morton recalled the witness.  *See State v. Blackburn*, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978) (finding the admission of improper evidence was harmless because it was cumulative to other evidence).  As to the limitation of the cross-examination of the CI, we find no reversible error.  *See State v. Santiago*, 370 S.C. 153, 163, 634 S.E.2d 23, 29 (Ct. App. 2006) (finding the failure to make a proffer of excluded evidence precludes review on appeal).

**REMANDED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.